UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DAVID SCHICK and<br>VENTURE MORTGAGE CORP.,<br><br>              Debtors. | Chapter 11<br>Case Nos.:<br>96 B 42902 (SMB) and<br>96 B 43969 (SMB) |
| MORRIS RUBIN, GERSHON BASSMAN, ABRAHAM SCHLAFRIG, JULES NORDLICHT, LEON GOLDENBERG, 904 REALTY I, ROSLYN VEGH, SOL MERMELSTEIN, EZRA MUNK, RUTH MUNK, ABRAHAM MUNK, REGINA GROSSMAN, KRESS FAMILY TRUST, GREENBERG FAMILY TRUST, WEISNER FAMILY TRUST, ESHEL FAMILY TRUST, IRWIN SAMET, IRA ROSENBERG, JEFFREY ROSENBERG, AMERICAN FRIENDS OF SHEMAYA SCHOOL FOR DEAF CHILDREN, MENDEL BEER DEFINED BENEFIT PLAN, CONG AGUDATH ISRAEL KEREN RSM, CONG BNAI ABRAHAM, CONG BNAI TORAH, CONG GEULA V'YESHUA, GOLDY KRESS, KEREN MEOR YITZCHOK, JOSEPH & ESTHER GREENBERG, MARTIN KRESS, SAMUEL WEISNER, CONG PRI SHMUEL, WILLIE & VIOLET WEISNER, HINDY ESHEL, SAUL & CELIA ROSENBERG, YALE BROKERAGE CORP. PENSION PLAN, MAX SAMET, BRIDGEPORT HEALTHCARE REALTY CO., MARK & DAVID LOREN, ELIMELECH MEISELS, MICHAEL MEISELS, SEMINAR YERUSHALAYIM, MARK NORDLICHT, ORA NORDLICHT, KENNETH NORDLICHT, ALAN MILLER, QUEST ENTERPRISES INC., MIRIAM STERN & TZIPORA PERLSTEIN, QUEST CAPITAL CORP., HOWARD MERMELSTEIN, ALAN GOLDSTEIN, WILLIAM & GLADYS NEUMAN, NORMAN RABENSTEIN, STANLEY DILLER and NOCHUM STEIN,<br><br>                      Plaintiffs,<br><br>     -against-<br><br>DAVID SCHICK,<br><br>                    Defendant. | Adv. Pro. No. 01-8048<br><br><br><br><br><br>NONDISCHARGEABILITY<br>COMPLAINT             |

Plaintiffs Morris Rubin, Gershon Bassman, Abraham Schlafrig, Jules Nordlicht, Leon Goldenberg, 904 Realty I, Roslyn Vegh, Sol Mermelstein, Ezra Munk, Ruth Munk, Abraham Munk, Regina Grossman, Kress Family Trust, Greenberg Family Trust, Weisner Family Trust, Eshel Family Trust, Irwin Samet, Ira Rosenberg, Jeffrey Rosenberg, American Friends of Shemaya School for Deaf Children, Mendel Beer Defined Benefit Plan, Cong Agudath Israel Keren RSM, Cong Bnai Abraham, Cong Bnai Torah, Cong Geula V'yeshua, Goldy Kress, Keren Meor Yitzchok, Joseph & Esther Greenberg, Martin Kress, Samuel Weisner, Cong Pri Shmuel, Willie & Violet Weisner, Hindy Eshel, Saul & Celia Rosenberg, Yale Brokerage Corp. Pension Plan, Max Samet, Bridgeport Healthcare Realty Co., Mark & David Loren, Elimelech Meisels, Michael Meisels, Seminar Yerushalayim, Mark Nordlicht, Ora Nordlicht, Kenneth Nordlicht, Allan Miller, Quest Enterprises Inc., Miriam Stern & Tzipora Perlstein, Quest Capital Corp., Howard Mermelstein, Alan Goldstein, William & Gladys Neuman, Norman Rabenstein, Stanley Diller and Nochum Stein, by their attorneys, Feinzeig & Jaskiel, as and for their complaint against David Schick ("Schick"), the debtor herein, alleges as follows:

1.      This is an adversary proceeding to determine, pursuant to § 523(a) of the Bankruptcy Code, the dischargeability of certain debts owed to the Plaintiffs by Schick.

2.      This proceeding is a core proceeding over which this court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3.      Schick is a Chapter 11 debtor in this Court.

4.     The Court, pursuant to an order dated October 24, 1996, extended the time for creditors of Schick to file nondischargeability complaints until the first date set for a hearing on the confirmation of a Plan of Reorganization.  That date is April 24, 2001.

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5.     Schick was an attorney/businessman who used his position of respect in the Orthodox Jewish community to perpetrate a Ponzi scheme upon hundreds of unsuspecting investors.  These investors, collectively, lost, through investments made with Schick, over one hundred million dollars.  Schick was arrested on a criminal complaint, dated May 21, 1996, and plead guilty to mail and wire fraud in the United States District Courts for the Southern and Eastern Districts of New York.  In his guilty pleas, Schick admitted that he operated a fraudulent scheme which caused losses exceeding $80 million.

6.     Plaintiffs in this action are among the investors defrauded by Schick. Thus, Schick is indebted to the Plaintiffs for investments of money which they made with him and which he subsequently misappropriated.  Annexed hereto as Exhibit A, and made a part hereof, is a schedule of the amount of the investments made by each Plaintiff which Schick misappropriated, the date the Plaintiff made the investment with Schick and a reference to the investment which describes its nature (the "Schedule of Misappropriated Investments").

7.     Schick fraudulently induced each Plaintiff to invest with him by stating that he would use the money in a specified manner, which he had no intention of doing.

8.     Schick promoted himself as an expert in purchasing, selling, bidding on and "flipping" individual or pools of distressed mortgages.  To make the bids and flips, Schick represented that he needed funds to place refundable good faith deposits on the bids. Schick represented that he needed funds to purchase the mortgages.

9.     (A)     Schick induced Plaintiffs to make two types of investments with him.  One type, which is described on the Schedule of Misappropriated Investments as "escrow agreement," consisted of an agreement pursuant to which Schick agreed to hold Plaintiff's investment, as a fiduciary, in escrow, untouched, for a period of time after which it would be returned with an additional return on the investment.   The return was based upon the length of time the investment was to be held in escrow and, at times, a bonus was included based upon Schick's profit.  Schick represented that the funds were needed to place bids on  mortgages, mortgage pool or property.  At times, Schick told the Plaintiff the name of the mortgages, mortgage pool or property which related to the investment.  All the escrow agreement investments were substantially the same.

9.     (B)     The other type of investment, which was in the nature of a joint venture with Schick, is referred to on the Schedule of Misappropriated Investments as a participation.   Schick told Plaintiffs the particulars of the individual mortgage,  mortgage pool or property he was bidding on and how, in particular, he would use the funds.  He told Plaintiffs that the money would be used, at his discretion, either to bid and flip the named mortgage or mortgage pool or to actually purchase the mortgage or mortgage pool. In all cases, Schick or one of the entities he controlled participated in the underlying deal,

which was for a limited time. Typically, the return to the Plaintiffs was a specified percentage plus an equity participation. Schick agreed with the Plaintiffs that he would act as the attorney on the deal and would keep the funds in escrow until he used the funds for the deal. All the participation investments were substantially the same.

10.     In some cases, the agreed upon term for an investment came to an end, and the Plaintiffs agreed to a new investment with Schick using the principal funds from the old investment. In that situation, instead of returning the funds to the Plaintiffs, Schick kept the funds, purportedly to be used for the new investment. These re-investments are also known as rollovers. Rollovers are indicated on the Schedule of Misappropriated Investments as additional names below the first name in the column entitled "Nature of Investment."

11.     In all cases, Plaintiffs made their original investments payable to Schick's attorney escrow accounts or wire transferred the money to his escrow accounts.

AS AND FOR CAUSES OF ACTION
<u>UNDER 11 U.S.C. § 523(a) (2)(A)</u>

12.     With respect to each escrow agreement investment, Schick promised the Plaintiffs, orally, at or around the time the investment was made, and in writing in the agreement, that the money would be kept in an escrow account untouched until returned to them.

13.     With respect to each participation investment, Schick promised the Plaintiffs, at or around the time the investment was made, that the funds would be used

for a specific deal which he was working on and would be kept in escrow until used for the project.

14.     Schick induced Plaintiffs to "roll over" their investments by representing that the funds for the previous investment were available to be returned, if desired by the Plaintiff and by promising Plaintiffs that, if rolled over, the monies would used in the agreed manner, depending on the nature of the investment.

15.     Plaintiffs trusted Schick as a result of his standing in the community and his status as an attorney.

16.     Plaintiffs reasonably relied on Schick's promises and representations in making their investments with him and in deciding to roll them over.

17.     Schick never intended to keep the promises he made to the Plaintiffs.  He never intended to keep the funds in escrow.   For the most part, he was never involved in the deals he induced Plaintiffs to participate in.

18.     He intended to deceive Plaintiffs when he made the promises and representations.

19.     Instead, very soon after the monies were invested with him, Schick misappropriated the monies.  At times, he immediately misappropriated the funds so that he could pay other investors in furtherance of his Ponzi scheme.

20.     Plaintiffs have made demand upon Schick for return of their investments, which has been refused.

21.     The debts arising from the investments misappropriated by Schick are

nondischargeable as debts for money or extension, renewal or refinancing of credit obtained by false pretenses, false representations and actual fraud.

## AS AND FOR CAUSES OF ACTION
### UNDER 11 U.S.C. § 523(a)(4)

22.     Plaintiffs reallege the previous allegations herein.

23.     At all times, Schick acted as a fiduciary to the Plaintiffs either as their attorney, their escrow agent or, in the case of the participation investments, also as their partner.  Schick admitted to the officials at the New York State Client Protection Fund that he was acting as the attorney for the Plaintiffs in these investments.

24.     Schick, when he misappropriated Plaintiff's investments, misappropriated funds which had been given to him in his fiduciary capacity.

25.     The debts arising from the investments misappropriated by Schick are nondischargeable as debts arising from fraud and defalcations while acting in a fiduciary capacity, embezzlement and larceny.

## AS AND FOR CAUSES OF ACTION
### UNDER 11 U.S.C. § 523(a)(6)

26.     Plaintiffs reallege the previous allegations herein.

27.     When Schick misappropriated Plaintiffs investments, he willfully and maliciously injured Plaintiffs property.

28.     Consequently, the debts arising from the misappropriations are nondischargeable.

WHEREFORE, Plaintiffs request against Schick as follows:

(A)     judgment for Morris Rubin in the amount of $2,875,000, plus punitive damages, in an amount no less than $10 million, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(B)     judgment for Gershon Bassman in the amount of $200,000 plus punitive damages, in an amount no less than $600,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(C)     judgment for Abraham Schlafrig in the amount of $310,000, plus punitive damages, in an amount no less than $930,000 together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(D)     judgment for Jules Nordlicht in the amount of $975,000, plus punitive damages, in an amount no less than $2.925 million, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(E)     judgment for Leon Goldenberg in the amount of $100,000, plus punitive damages, in an amount no less than $300,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(F)     judgment for 904 Realty I in the amount of $600,000, plus punitive damages, in an amount no less than $1.8 million, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(G)     judgment for Roslyn Vegh in the amount of $200,000, plus punitive damages, in an amount no less than $600,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(H)     judgment for Sol Mermelstein in the amount of $550,000, plus punitive damages, in an amount no less than $1.65 million, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(I)      judgment for Ezra Munk in the amount of $50,000, plus punitive damages, in an amount no less than $150,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(J)      judgment for Ruth Munk in the amount of $50,000, plus punitive damages, in an amount no less than $150,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(K)      judgment for Abraham Munk in the amount of $100,000, plus punitive damages, in an amount no less than $300,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(L)      judgment for Regina Grossman  in the amount of $50,000, plus punitive damages, in an amount no less than $150,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(M)      judgment for Kress  Family Trust in the amount of $15,000, plus punitive damages, in an amount no less than $45,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(N)      judgment for Greenberg Family Trust in the amount of $15,000, plus punitive damages, in an amount no less than $45,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(O)      judgment for Weisner Family Trust in the amount of $15,000, plus punitive damages, in an amount no less than $45,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(P)      judgment for Eshel Family Trust in the amount of $15,000, plus punitive damages, in an amount no less than $45,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(Q)     judgment for Irwin Samet in the amount of $50,000, plus punitive damages, in an amount no less than $150,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(R)     judgment for Ira Rosenberg in the amount of $45,000, plus punitive damages, in an amount no less than $135,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(S)     judgment for Jeffrey Rosenberg in the amount of $10,000, plus punitive damages, in an amount no less than $30,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(T)     judgment for American Friends of Shemaya School for Deaf Children in the amount of $265,000, plus punitive damages, in an amount no less than $795,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(U)     judgment for Mendel Beer Defined Benefit Plan in the amount of $200,000, plus punitive damages, in an amount no less than $600,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(V)     judgment for Cong Agudath Israel Keren RSM in the amount of $185,000, plus punitive damages, in an amount no less than $555,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(W)     judgment for Cong Bnai Abraham in the amount of $100,000, plus punitive damages, in an amount no less than $300,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(X)     judgment for Cong Bnai Torah in the amount of $210,000, plus punitive damages, in an amount no less than $630,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(Y)     judgment for Cong Geula V'yeshua in the amount of $30,000, plus

punitive damages, in an amount no less than $90,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(Z)  judgment for Goldy Kress in the amount of $35,000, plus punitive damages, in an amount no less than $105,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(AA)  judgment for Keren Meor Yitzchok in the amount of $190,000, plus punitive damages, in an amount no less than $570,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(BB)  judgment for Joseph & Esther Greenberg  in the amount of $185,000, plus punitive damages, in an amount no less than $555,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(CC)  judgment for Martin Kress in the amount of $225,000, plus punitive damages, in an amount no less than $675,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(DD)  judgment for Samuel Weisner in the amount of $290,000, plus punitive damages, in an amount no less than $870,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(EE)  judgment for Cong Pri Shmuel in the amount of $170,000, plus punitive damages, in an amount no less than $510,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(FF)  judgment for Willie & Violet Weisner in the amount of $1,965,000, plus punitive damages, in an amount no less than $5.895 million, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(GG)  judgment for Hindy Eshel in the amount of $95,000, plus punitive damages, in an amount no less than $285,000, together with prejudgment

interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(HH)    judgment for Saul & Celia Rosenberg in the amount of $1,445,000, plus punitive damages, in an amount no less than $4.335 million, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(II)    judgment for Yale Brokerage  Corp. Pension  Plan in the amount of $1,030,000, plus punitive damages, in an amount no less than $3.09 million, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(JJ)    judgment for Max Samet in the amount of $586,000, plus punitive damages, in an amount no less than $1.758 million, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(KK)    judgment for Bridgeport Healthcare Realty Co. in the amount of $250,000, plus punitive damages, in an amount no less than $750,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(LL)    judgment for Mark & David Loren in the amount of $271,875, plus punitive damages, in an amount no less than $815,625, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(MM)    judgment for Elimelech Meisels in the amount of $110,150, plus punitive damages, in an amount no less than $330,450, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(NN)    judgment for Michael Meisels in the amount of $100,000, plus punitive damages, in an amount no less than $300,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(OO)    judgment for Seminar Yerushalayim in the amount of $500,000, plus punitive damages, in an amount no less than $1.5 million, together with prejudgment interest, costs and attorneys' fees and a declaration that the

judgment is excepted from discharge,

(PP)    judgment for Mark Nordlicht in the amount of $75,000, plus punitive damages, in an amount no less than $225,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(QQ)    judgment for Ora Nordlicht in the amount of $75,000, plus punitive damages, in an amount no less than $225,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(RR)    judgment for Kenneth Nordlicht in the amount of $75,000, plus punitive damages, in an amount no less than $225,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(SS)    judgment for Alan Miller in the amount of $125,000, plus punitive damages, in an amount no less than $375,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(TT)    judgment for Quest Enterptrises Inc. in the amount of $30,000, plus punitive damages, in an amount no less than $90,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge.,

(UU)    judgment for Miriam Stern & Tzipora Perlstein in the amount of $271,875, plus punitive damages, in an amount no less than $815,625, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(VV)    ,judgment for Quest Capital Corp. in the amount of $150,000, plus punitive damages, in an amount no less than $450,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(WW)    judgment for Howard Mermelstein in the amount of $150,000, plus punitive damages, in an amount no less than $450,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(XX)    judgment for Alan Goldstein in the amount of $250,000, plus punitive damages, in an amount no less than $750,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(YY)    judgment for William & Gladys Neuman in the amount of $135,937.50, plus punitive damages, in an amount no less than $407,812.50, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(ZZ)    judgment for Norman Rabenstein in the amount of $135,937.50, plus punitive damages, in an amount no less than $407,812.50, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(AAA)        judgment for Stanley Diller in the amount of $200,000, plus punitive damages, in an amount no less than $600,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge,

(BBB)   judgment for Nochum Stein in the amount of $400,000, plus punitive damages, in an amount no less than $600,000, together with prejudgment interest, costs and attorneys' fees and a declaration that the judgment is excepted from discharge, and

Granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        April 24, 2001

                                FEINZEIG & JASKIEL
                                Counsel for the Plaintiffs

                                By:_/s/_____
                                    Jacob S. Feinzeig (JSF-8432)
                                    275 Madison Avenue, 11th Floor
                                    New York, New York 10016
                                    (212) 370-5900

Exhibit A to Nondischargeability Complaint: Rubin et al v. Schick

Schedule of Misappropriated Investments

| Plaintiff | Investment Date | Nature of Investment | Amount Invested |
|---|---|---|---|
| Rubin | 9/22/94 | Venture-CARC -participation | $1,000,000 |
| Rubin | 8/16/95 | Columbia | $875,000 |
| Rubin | 10/26/95 | BerkFed -participation | $750,000 |
| Rubin | 1/2/96 | Independence -participation | $250,000 |
| Bassman | 10/30/95 | escrow agreement | $100,000 |
| Bassman | 2/29/96 | escrow agreemnt | $100,000 |
| Schlafrig | 10/26/94 | escrow agreement | $70,000 |
| Schlafrig | 11/9/94 | escrow agreement | $30,000 |
| Schlafrig | 8/11/95 | escrow agreement | $60,0000 |
| Schlafrig | 10/30/95 | escrow agreement | $100,000 |
| Schlafrig | 1/16/96 | escrow agreement | $50,000 |
| J. Nordlicht | 1/93 | Venture Mortgage | $225,000 |
| J. Nordlicht | 2/15/96 | escrow agreement | $750,000 |
| Goldenberg | 2/2/96 | escrow agreement | $100,000 |
| 904 Realty I | 10/28/94 | escrow agreement | $150,000 |
| 904 Realty I | 5/18/95 | escrow agreement | $100,000 |
| 904 Realty I | 8/8/95 | escrow agreement | $150,000 |
| 904 Realty I | 12/28/95 | escrow agreement | $100,000 |
| 904 Realty I | 2/2/96 | escrow agreement | $100,000 |
| Vegh | 1/16/96 | escrow agreement | $200,000 |
| S. Mermelstein | 8/9/95 | escrow agreement | $150,000 |
| S. Mermelstein | 10/2/95 | escrow agreement | $200,000 |

| | | | |
|---|---|---|---|
| S. Mermelstein | 12/15/95 | escrow agreement | $200,000 |
| Ezra Munk | 5/10/95 | 44th Street | $50,000 |
| Ruth Munk | 5/10/95 | 44th Street | $50,000 |
| Abraham Munk | 5/10/95 | 44th Street | $50,000 |
| Abraham Munk | 8/25/95 | ICC | $50,000 |
| Regina Grossman | 9/28/95 | 485 5th Ave | $50,000 |
| Kress Family Trust | 3/15/96 | Rossrock II | $15,000 |
| Greenberg Family Trust | 3/15/96 | Rossrock II | $15,000 |
| Weisner Family Trust | 3/15/96 | Rossrock II | $15,000 |
| Eshel Family Trust | 3/15/96 | Rossrock II | $15,000 |
| Irwin Samet | 9/28/95 | 485 Fifth Ave. | $25,000 |
| Irwin Samet | 12/25/95 | Tribeca | $25,000 |
| Ira Rosenberg | 3/19/96 | Rossrock II | $10,000 |
| Ira Rosenberg | 12/15/95 | Tribeca | $10,000 |
| Ira Rosenberg | 5/26/95 | 400 Madison | $10,000 |
| Ira Rosenberg | 9/27/95 | 485 Fifth Ave | $15,000 |
| Jeffrey Rosenberg | 12/15/95 | Tribeca | $10,000 |
| Shemaya School for Deaf Children | 3/14/94 | Rossrock 44th Street | $100,000 |
| Shemaya School for Deaf Children | 5/4/95 | 44th Street | $140,000 |
| Shemaya School for Deaf Children | 9/22/95 | 485 Fifth | $25,000 |
| Mendel Beer Defined Benefit Plan | 10/7/94 | 1st Boston Tribeca | $75,000 |
| Mendel Beer Defined Benefit Plan | 9/1/95 | ICC | $50,000 |
| Mendel Beer Defined Benefit Plan | 11/15/95 | 400 Madison | $75,000 |
| Cong Agudath Israel Keren RSM | 10/11/94 | 1st Boston Tribeca | $60,000 |

16

| | | | |
|---|---|---|---|
| Cong Agudath Israel Keren RSM | 9/1/95 | ICC | $50,000 |
| Cong. Agudath Israel Keren RSM | 11/15/95 | 400 Madison | $75,000 |
| Cong Bnai Abraham | 9/1/95 | ICC | $50,000 |
| Cong Bnai Abraham | 11/15/95 | 400 Madison | $50,000 |
| Cong Bnai Torah | 10/1/94 | 1st Boston<br>400 Madison | $35,000 |
| Cong Bnai Torah | 3/15/94 | Rossrock<br>44th Street | $90,000 |
| Cong Bnai Torah | 5/4/95 | 44th Street | $50,000 |
| Cong Bnai Torah | 7/7/95 | Liberte<br>Tribeca | $10,000 |
| Cong Bnai Torah | 9/18/95 | 485 Fifth | $25,000 |
| Cong Geula V'yeshua | 3/15/94 | Rossrock<br>44th Street | $30,000 |
| Goldy Kress | 3/11/94 | Rossrock<br>44th Street | $25,000 |
| Goldy Kress | 5/2/95 | 44th Street | $10,000 |
| Keren Meor Yitzchok | 3/15/95 | Rossrock<br>44th Street | $90,000 |
| Keren Meor Yitzchok | 12/25/95 | Tribeca | $100,000 |
| Greenberg | 12/1/94 | 400 42nd Street<br>Framingham<br>Rossrock II | $25,000 |
| Greenberg | 3/1/95 | East 26th Street<br>Liberte | $25,000 |
| Greenberg | 2/2/95 | Liberte | $25,000 |
| Greenberg | 5/1/95 | 44th Street | $35,000 |
| Greenberg | 3/3/96 | Rossrock II | $25,000 |
| Greenberg | 3/94 | Akron<br>400 Madison | $12,500 |
| Greenberg | 11/7/95 | 400 Madison | $12,500 |
| Greenberg | 9/25/95 | 485 Fifth | $25,000 |
| M. Kress | 3/14/94 | Rossrock<br>44th Street | $25,000 |
| M. Kress | 9/21/95 | 485 5th Ave. | $25,000 |

| | | | |
|---|---|---|---|
| M. Kress | 1/93 | Walton<br>Home Berkley<br>Liberte<br>Tribeca | $25,000 |
| M. Kress | 2/95 | 26th Street<br>Liberte<br>Tribeca | $25,000 |
| M. Kress | 3/3/94 | Akron<br>400 Madison | $25,000 |
| M. Kress | 1/93 | 60th Street<br>Rossrock II | $100,000 |
| S. Weisner | 3/94 | Rossrock<br>44th Street | $20,000 |
| S. Weisner | 5/22/95 | 44th Street | $10,000 |
| S. Weisner | 9/6/95 | ICC | $25,000 |
| S. Weisner | 9/25/95 | 485 Fifth Ave. | $25,000 |
| S. Weisner | 11/93 | Sher. Stamford<br>1st Boston<br>400 Madison | $30,000 |
| S. Weisner | 3/94 | Akron<br>400 Madison | $30,000 |
| S. Weisner | 1/93 | Walton<br>Liberte<br>Tribeca | $25,000 |
| S. Weisner | 2/1/95 | 26th Street<br>Liberte<br>Tribeca | $25,000 |
| S. Weisner | 1/93 | 60th Street<br>Rossrock II | $100,000 |
| Cong Pri Shmuel | 6/1/94 | Rossrock II | $100,000 |
| Cong Pri Shmuel | 1/1/94 | Home<br>Rossrock II | $60,000 |
| Cong Pri Shmuel | 11/1/93 | Sher. Stamford<br>1st Boston<br>400 Madison | $10,000 |
| W. Weisner | 8/1/94 | $100,000 invested in<br>Lakewood, then<br>42nd Street;<br>then $80,000 of that<br>invested in ICC | $80,000 |
| W. Weisner | 11/28/94 | 42nd Street<br>ICC | $70,000 |
| W. Weisner | 3/14/94 | Rossrock<br>44th Street | $145,000 |

| | | | |
|---|---|---|---|
| W. Weisner | 11/4/95 | 44th Street | $55,000 |
| W. Weisner | 8/93<br><br>6/27/95 | $125,000 initially invested in Home; $50,000 initially invested in Berkley; combined into Liberte Tribeca | $175,000 |
| W. Weisner | 7/14/95 | $300,000 initially invested in Framingham; then $100,000 of that was invested in Rossrock and $200,000 in ICC | $300,000 |
| W. Weisner | 9/92 | Venture Mortgage | $300,000 |
| W. Weisner | 9/21/95 | 485 Fifth Ave. | $200,000 |
| W. Weisner | 9/21/95 | 485 Fifth Ave. | $100,000 |
| W. Weisner | 11/93<br><br>3/94<br><br>11/14/95 | $80,000 initially invested in Sheraton<br><br>$100,000 initially invested in Akron<br><br>$100,000 new money - all combined into 400 Madison | $280,000 |
| W. Weisner | 1/93<br><br>3/15/96 | $200,000 initially invested in 60th Street; $60,000 new money added- all combined into Rossrock II | $260,000 |
| Eshel | 5/15/95 | 44th Street | $25,000 |
| Eshel | 9/21/95 | 485 Fifth | $25,000 |
| Eshel | 3/3/94<br><br>11/16/93 | $20,000 invested in Akron<br><br>$25,000 invested in Sheraton - combined into 400 Madison | $45,000 |
| S. Rosenberg | 1/26/93 | 60th Street Tribeca | $150,000 |

| | | | |
|---|---|---|---|
| S. Rosenberg | 11/16/93 | Sher. Stamford<br>First Boston<br>Tribeca<br><br>Initial investment was $100,000 of which $47,500 was invested in Tribeca | $47,500 |
| S. Rosenberg | 3/7/94 | Akron<br>485 Fifth<br><br>Initial investment was $125,000 of which $62,500 was invested in 485 Fifth Ave. | $62,500 |
| S. Rosenberg | 3/7/94 | Akron<br>Madison<br><br>Initial investment was $125,000 of which $22,500 was invested in 485 Fifth Ave. | $22,500 |
| S. Rosenberg | 6/1/94 | Fut. Diversified<br>ICC<br><br>Investment made with three checks: $80,000, $10,000, $10,000 | $100,000 |
| S. Rosenberg | 8/1/94 | Lakewood<br>400 W.42nd<br>Framingham<br>Rossrock II | 75,000 |
| S. Rosenberg | 12/1/94 | 400 W.42nd<br>Framingham<br>Rossrock II | $5,000 |
| S. Rosenberg | 5/5/95<br>6/13/95<br>7/31/95 | 44th Street<br><br>Investment made with three checks | $90,000<br>$120,000<br>$10,000 |

| | | | |
|---|---|---|---|
| S. Rosenberg | 1/15/93 | $50,000 of $100,000 check invested in Walton<br>Home<br> Berkeley<br>Liberte<br>Madison | $50,000 |
| S. Rosenberg | 6/27/95 | Liberte<br>Madison | $150,000 |
| S. Rosenberg | 8/14/95 | Framingham<br>Rossrock II | $60,000 |
| S. Rosenberg | 7/93 | Home<br>Future Div<br>ICC | $25,000 |
| S. Rosenberg | 9/13/95 | Framingham<br>Rossrock II | $20,000 |
| S. Rosenberg | 9/28/95 | 485 5th Ave. | $37,500 |
| S. Rosenberg | 11/16/93 | Sher. Stamford<br>First Boston<br>Madison<br>Initial Investment was $100,000, of which $52,500 was invested in Madison | $52,500 |
| S. Rosenberg | 8/25/93 | Venture II | $100,000 |
| S. Rosenberg | 9/1/92 | Venture Mortgage | $150,000 |
| S. Rosenberg | 12/27/95 | Tribeca | $2,500 |
| S. Rosenberg | 3/20/96 | Rossrock II | $115,000 |
| Yale | 1/27/93 | 60th Street<br>Rossrock II | $50,000 |
| Yale | 11/16/93 | Sher. Stamford<br>1st Boston<br>Framingham<br>Rossrock II<br><br>Initial investment was $100,000 of which $75,000 was invested into Rossrock II | $75,000 |

| Yale | 3/7/94 | Akron<br>485 Fifth<br><br>Initial investment of $125,000 made in two checks of $25,000 and $100,000 of which $62,500 was invested in 485 Fifth | $62,500 |
|------|--------|------|------|
| Yale | 6/1/94 | Fut. Diversified<br>ICC<br><br>Initial Investment made in two checks of $25,000 | $50,000 |
| Yale | 9/1/94 | Venture | $150,000 |
| Yale | 1/30/95 | 26th Street<br>Liberte<br>400 Madison<br><br>Initial Investment made in two checks: $75,000 and $50,000 | $125,000 |
| Yale | 5/10/95<br>5/9/95<br>6/13/95<br>6/13/95 | 44th Street<br><br>$152,500 investment made in four checks | $25,000<br>$25,000<br>$75,000<br>$27,500 |
| Yale | 1/13/93 | Walton<br>Home<br>Berkley<br>Liberte<br>400 Madison | $35,000 |
| Yale | 9/28/95 | 485 Fifth<br>Investment made in three checks: $50,000, $30,000, $35,000 | $115,000 |
| Yale | 11/18/93 | Sher. Stamford<br>1st Boston<br>400 Madison | $100,000 |
| Yale | 12/27/95 | Tribeca | $25,000 |

| | | | |
|---|---|---|---|
| Yale | 3/20/96 | Rossrock II<br><br>Investment made in three checks: $25,000, $30,000, $35,000 | $90,000 |
| M. Samet | 1/28/93 | 60th Street<br>Rossrock II | $100,000 |
| M. Samet | 11/16/93 | Sheraton<br>1st Boston<br>Madison | $100,000 |
| M. Samet | 3/7/94 | Akron<br>485 Fifth Ave.<br><br>Initial investment was for $125,000 of which $62,500 was invested in 485 Fifth Ave. | $62,500 |
| M. Samet | 6/1/94 | Fut. Diversified<br>ICC | $50,000 |
| M. Samet | 1/30/95 | 26th Street<br>Liberte<br>Madison | $50,000 |
| M. Samet | 5/5/95<br>6/13/95 | 44th Street<br><br>$161,000 investment made in two checks | $100,000<br>$61,000 |
| M. Samet | 8/8/95 | Framingham<br>Rossrock II | $50,000 |
| M. Samet | 9/28/95 | 485 Fifth Ave. | $12,500 |
| Bridgeport Healthcare Realty Co. | 7/17/95 | Framingham | $250,000 |
| Mark & David Loren | 7/18/95 | Framingham | $271,875 |
| Elimelech Meisels | 8/94 | Heritage IV - participation | $30,000 |
| Elimelech Meisels | 8/95 | London III - participation | $25,000 |
| Elimelech Meisels | 12/95 | London VII - participation | $55,150 |
| Michael Meisels | 9/8/94 | Heritage IV - participation | $100,000 |
| Seminar Yerushalayim | 8/31/94 | Heritage IV - participation | $100,000 |

| | | | |
|---|---|---|---|
| Seminar Yerushalayim | 8/17/94 | London II - participation | $300,000 |
| Seminar Yerushalayim | 8/8/95 | London III - participation | $100,000 |
| Mark Nordlicht | 2/5/93 | Venture Mortgage | $75,000 |
| Ora Nordlicht | 2/5/93 | Venture Mortgage | $75,000 |
| Kenneth Nordlicht | 1/28/93 | Venture Mortgage | $75,000 |
| Allan Miller | 8/95 | Columbia | $125,000 |
| Quest Enterptrises Inc. | 8/95 | Columbia | $30,000 |
| Miriam Stern & Tzipora Perlstein | 7/14/95 | Framingham | $271,875.00 |
| Quest Capital Corp. | 8/95 | Columbia - participation | $150,000 |
| Howard Mermelstein | 1/96 | escrow agreement | $150,000 |
| Alan Goldstein | 8/8/95 | escrow agreement | $200,000 |
| Alan Goldstein | 1/10/96 | escrow agreement | $50,000 |
| William & Gladys Neuman | 7/14/95 | Framingham | $135,937.50 |
| Norman Rabenstein | 7/14/95 | Framingham | $135,937.50 |
| Stanley Diller | 2/95 | escrow agreement | $200,000 |
| Nochum Stein | 12/13/95 | escrow agreement | $400,000 |

KEY:

| Name of Investment | | Type of Investment |
|---|---|---|
| 44th Street | - | Participation |
| Rossrock | - | Participation |
| Sheraton Stamford | - | Escrow |
| Akron | - | Escrow |
| First Boston | - | Escrow |
| Walton | - | Escrow |
| Home | - | Escrow |
| Berkeley | - | Escrow |
| Liberte | - | Escrow |
| Madison | - | Participation |
| 485 Fifth Ave. | - | Participation |
| Tribeca | - | Escrow |
| Lakewood | - | Escrow |
| Framingham | - | Escrow |

| | | |
|---|---|---|
| 42nd Street | - | Escrow |
| Rossrock II | - | Escrow |
| ICC | - | Escrow |
| Venture Mortgage | - | Participation |
| Venture II | - | Participation |
| Future Diversified | - | Escrow |
| 60th Street | - | Participation |
| 26th Street | - | Escrow |
| Columbia | - | Escrow |