UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MORRIS RUBIN et al,

                      Plaintiffs,                  Adv. Proc. No.: 01-8048 (SMB)

        -against-

DAVID SCHICK,

                      Defendant.
-----------------------------------------------------------X

## NOTICE OF PRESENTMENT FOR COURT APPROVAL OF SETTLEMENT AGREEMENT BY AND BETWEEN PLAINTIFFS AND DAVID SCHICK

      PLEASE TAKE NOTICE that upon the annexed application of the plaintiffs herein, the undersigned will present the attached Settlement Agreement for approval to the Honorable Stuart C. Bernstein, Chief United States Bankruptcy Judge for signature on March 19, 2004 at 12:00 p.m.

      PLEASE TAKE FURTHER NOTICE that objections, if any, to the proposed approval of the Settlement Agreement must be made in writing and received in the Bankruptcy Judge's chambers and by the undersigned no later than 11:30 a.m. on March 19, 2004. Unless objections are received by that time, the order may be signed.

Dated: New York, New York
         March 9, 2004

                                                  FEINZEIG & JASKIEL
                                                  Attorney for the Plaintiffs

                                                  By: _____
                                                  Solomon Jaskiel (SJJ-0671)
                                                  275 Madison Avenue, 11th Floor
                                                  New York, NY 10016
                                                  (212) 370-5900

TO:    Office of the United States Trustee
         33 Whitehall Street – 21st Floor
         New York, NY 10004

372848v2

David Schick
2209 Ave. I
Brooklyn, NY 11210-2839

Jeffrey Schwartz, Esq.
Bernstein & Schwartz
160 Broadway
New York, NY 10038

Brian Maas, Esq.
Frankfurt, Garbus
488 Madison Ave., 9th Fl
New York, NY 10022

Lee Stremba, Esq.
Jenkens &Gilchrist Parker Chapin LLP
405 Lexington Avenue
New York, NY 10174

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MORRIS RUBIN et al,

                Plaintiffs,                Adv. Proc. No.: 01-8048 (SMB)

      -against-

DAVID SCHICK,

                Defendant.
-------------------------------------------------------------X

## APPLICATION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT BY AND BETWEEN PLAINTIFFS AND DAVID SCHICK

Plaintiffs, by their attorneys, Feinzeig & Jaskiel, as and for their application for approval of the annexed Settlement Agreement, represent as follows:

1. Plaintiffs commenced this adversary proceeding seeking a declaration that the debts owed to them by the Debtor be declared non-dischargeable and that judgment be entered thereon. The debts arose from fraudulent investments the plaintiffs made with the Debtor. Plaintiffs sought treble damages, interest from the date of the fraud and attorney's fees.

2. Plaintiffs have arrived at a settlement with the Debtor, which is embodied in the annexed Settlement Agreement. The settlement is similar in substance to the settlements which the Debtor has made with other creditors who have asserted claims of non-dischargeability, and which the Court has approved. The settlement, essentially, is pot plan in which the Debtor agrees to distribute a

372848v2

percentage of his future income to the settling creditors, pro rata. The amount to be distributed to Plaintiffs is set forth in the Schedule annexed to the Settlement Agreement. The amount was determined by taking the claim, without interest, and reducing it by distributions received in the bankruptcy.

3. Plaintiffs submit that the settlement is fair and equitable and should be approved by the Court.

Dated: New York, New York
March 9, 2004

>FEINZEIG & JASKIEL
>Attorney for the Plaintiffs
>
>By: *Solomon Jaskiel*
>Solomon Jaskiel (SJJ-0671)
>275 Madison Avenue, 11th Floor
>New York, NY 10016
>(212) 370-5900

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MORRIS RUBIN et al,

                Plaintiffs,                      Adv. Proc. No.: 01-8048 (SMB)

                -against-

DAVID SCHICK,

                Defendant.
------------------------------------------------------------X

## SETTLEMENT AGREEMENT BY AND BETWEEN
## ALL THE PLAINTIFFS AND DAVID SCHICK

        **WHEREAS**, on or about May 29, 1996, creditors filed an involuntary petition against David Schick ("Schick") pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

        **WHEREAS**, on or about April 24, 2001, the Plaintiffs commenced this action against Schick pursuant to Bankruptcy Code § 523 (the "Discharge Action");

        **WHEREAS**, Schick filed an answer to the Discharge Action;

        **WHEREAS**, Schick and the Plaintiffs desire to resolve fully and settle all disputed matters between them and have agreed to do so on the terms and conditions hereinafter set forth in this Settlement Agreement (the "Agreement");

        **NOW, THEREFORE**, in consideration of the mutual promises contained in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

        1.     This Agreement is subject to entry of an order of the Bankruptcy Court. The parties hereto shall promptly file the necessary motion pursuant to Federal Rule of Bankruptcy Procedure 9019 to obtain Bankruptcy Court approval of this Agreement. In the event the Bankruptcy Court fails to approve this Agreement, this Agreement shall be null and void and without force and effect, and the parties hereto shall be restored to their respective rights as if the Agreement had not been executed.

2. Schick consents to the entry by the Plaintiffs of a judgment against himself and in favor of the Plaintiffs in the amounts set forth in the annexed schedule (the "Judgment"). The Judgment shall accrue interest at the appropriate rate.

3. Schick immediately, after hitting the relevant threshold, shall remit to a separately designated account maintained for the benefit of his creditors (the "Fund"), seventy percent (70%) of his annual income between $100,000 and $250,000, and fifty (50%) percent of his annual income in excess of $250,000. For purposes of this Agreement, "income" shall be defined as gross receipts of funds or other assets from all sources actually and constructively received by Schick during that calendar year. For purposes of this Agreement, income earned by Anne Katz Schick, Schick's wife, except for any income earned as a result of her being directly and actively employed by an entity unrelated to Schick, shall be included in Schick's income. Income shall include, but is not limited to, receipts from the refinancing of any projects in which Schick owns an interest

4. Every two years commencing with January 2006, should the net value of his assets be above $2.0 million, Schick, upon demand by Plaintiffs, must to the extent that Schick controls the underlying assets, sell or refinance sufficient assets to bring the value below $2.0 million and deposit 50% of the net receipts of such sale into the Fund.

5. Schick's obligations under this agreement shall continue until such time as all creditors which have settled with him have been paid the full principal amount of each of their claims.

6. Schick shall remit to the Plaintiffs, on or before April 30 of each calendar year commencing the year following the approval of this agreement, the Creditors' pro rata share of the Fund. Schick's payment obligations to the Plaintiffs shall continue until such time as the Plaintiffs have been paid the full principal amount of the Judgment. Upon written request to Schick, Schick shall deliver to the Jacob Feinzeig as Attorney for Plaintiffs, (a) sixty days after the approval of this Agreement by the Court, and (b) on or before April 30 of each calendar year commencing in 2005, a personal balance sheet setting forth his assets and their fair market value, and a certified income statement. It is a material condition of this Agreement, that all deliveries made by Schick in compliance with this Agreement, be held by the recipient in confidence, and may not be released without the prior written consent of Schick.

7. Jacob Feinzeig shall be the designated representative of the Plaintiffs with full audit and investigative authority. Schick shall deliver to Jacob Feinzeig within six (6) months of Bankruptcy Court approval of this Agreement, a statement signed under penalty of perjury sufficiently detailing the agreements reached with any other creditor. In the event that Schick enters in the future into any agreement with a third party creditor that is on terms more favorable than those contained in paragraph 3 of this Agreement, than the Agreement shall be deemed amended to provide the Plaintiffs with the financial benefits of the subsequently negotiated agreement.

8. If Schick complies with this Agreement, the Plaintiffs agree to forebear on executing the Judgment. The intent of this Agreement is to require Schick to devote a portion of

the fruits of his labor to the repayment of his creditors. If Schick materially breaches this Agreement or attempts to circumvent it by, for example, putting assets in the names of other persons or entities, the Plaintiffs may, upon ten days written notice, enforce the Judgment without restraint.

9. When Schick pays the total amount owed to the Plaintiffs on the annexed schedule without interest, the Plaintiffs shall file a satisfaction of Judgment and Schick will have discharged his obligations pursuant to this Agreement.

10. This Agreement shall not affect or bind any other creditor not a party to this Agreement.

11. The parties hereto agree that if any dispute arises concerning their respective rights and obligations under this Agreement, it shall be resolved and adjudicated solely by arbitration before American Arbitration Association in New York City before one arbitrator. The parties hereto further consent to the jurisdiction of the state and federal courts of New York to confirm any award.

12. This Agreement contains the entire, full, final and complete understanding of the parties with respect to the subject matter herein and it supersedes all previous communications, negotiations, warranties, representations, covenants or agreements, either written or oral.

13. The parties each represent and agree that this Agreement has been entered into for good and valuable consideration, the receipt of which is hereby acknowledged.

14. If any provision of this Agreement is determined, by a court of competent jurisdiction, not to be enforceable in the manner set forth in this Agreement, the parties hereto agree that it is the intention of the parties that such provision shall be enforceable to the maximum extent permitted under applicable law.

15. This Agreement may not be modified or amended except in writing and with the written consent of all parties to the Agreement.

16. Each of the parties hereto represents and warrants that this Agreement constitutes the valid and binding obligation of each such individual or entity, and this Agreement will not result in a violation of any term or provision of any agreement to which such individual or entity is a party or by which such individual or entity may otherwise be bound or of any law, rule, license, regulation, judgment, order or decree governing or affecting such individual or entity.

17. All representations, warranties and agreements made by the parties hereto in this Agreement shall survive the execution hereunder.

18. Each of the parties to this Agreement consents and agrees that facsimile signatures shall constitute original signatures for purposes of enforcement of this Agreement and to allow expedited review of the Agreement by the Bankruptcy Court. This Agreement may be executed in one or more counterparts, each such counterpart, when so executed and delivered, to

be deemed an original. Such counterparts together constitute part of one and the same instrument.

Dated: March 2, 2004.

                                  FEINZEIG & JASKIEL
                                  Attorney for the Plaintiffs

                                By: _____
                                    Solomon Jaskiel (SJJ-0671)
                                    275 Madison Avenue, 11th Floor
                                    New York, NY 10016
                                    (212) 370-5900

                                By: _____
                                    David Schick

SO ORDERED:

_____
STUART M. BERNSTEIN
CHIEF UNITED STATES BANKRUPTCY JUDGE

SCHEDULE TO STIPULATION OF SETTLEMENT

| Plaintiff | Judgment Amount |
|---|---|
| Rubin | $2,381,362 |
| Bassman | $126,201 |
| Schlafrig | $195,625 |
| J. Nordlicht | $578,724 |
| Goldenberg | $430,747 |
| Vegh | $126,201 |
| S. Mermelstein | $352,305 |
| Ezra Munk | $31,550 |
| Ruth Munk | $31,550 |
| Abraham Munk | $63,100 |
| Regina Grossman | $31,550 |
| Kress Family Trust | $9,465 |
| Greenberg Family Trust | $9,465 |
| Weisner Family Trust | $9,465 |
| Eshel Family Trust | $9,465 |
| Irwin Samet | $31,550 |
| Ira Rosenberg | $28,395 |
| Jeffrey Rosenberg | $6,310 |
| Shemaya School for Deaf Children | $167,215 |
| Mendel Beer Defined Benefit Plan | $126,200 |
| Cong Agudath Israel Keren RSM | $116,735 |
| Cong. Bnai Abraham | $63,100 |
| Cong Bnai Torah | $132,510 |
| Cong Geula V'Yeshua | $18,930 |
| Goldy Kress | $22,085 |
| Keren Meor Yizchok | $119,890 |
| Greenberg | $116,735 |
| M. Kress | $141,975 |
| S. Weisner | $182,990 |

| Name | Amount |
|---|---|
| Cong Pri Shmuel | $107,270 |
| W. Weisner | $1,326,185 |
| H. Eshel | $59,945 |
| S. Rosenberg | $983,877 |
| Yale Brokerage | $678,458 |
| M. Samet | $436,261 |
| Bridgeport Health Care | $173,363 |
| Mark & David Loren | $190,947 |
| Elimelech Meisels | $82,123 |
| Michael Meisels | $71,873 |
| Seminar Yerushalayim | $359,803 |
| Mark Nordlicht | $36,544 |
| Ora Nordlicht | $36,544 |
| Kenneth Nordlicht | $36,544 |
| Allan Miller | $81,218 |
| Quest Enterprises, Inc. | $24,844 |
| Miriam Stern & Tzipora Perlstein | $188,533 |
| Quest Capital Corp. | $124,200 |
| Howard Mermelstein | $97,450 |
| Alan Goldstein | $218,470 |
| William & Gladys Neuman | $97,838 |
| Norman Rabenstein | $97,838 |
| Stanley Diller | $50,000 |
| Nochum Stein | $314,867 |

# AFFIRMATION OF SERVICE

SOLOMON J. JASKIEL, an attorney admitted to the Bar of the State of New York, affirms under the penalties of perjury as follows:

On March 9, 2004, I mailed a copy of the annexed Notice of Presentment for Court Approval of Settlement Agreement by and Between Plaintiffs and David Schick Application for Court Approval of Settlement Agreement by and Between Plaintiffs and David Schick and Settlement Agreement by and between Plaintiffs and David Schick, by first class mail, to:

Office of the United States Trustee
33 Whitehall Street – 21st Floor
New York, NY 10004

David Schick
2209 Ave. I
Brooklyn, NY 11210-2839

Jeffrey Schwartz, Esq.
Bernstein & Schwartz
160 Broadway
New York, NY 10038

Brian Maas, Esq.
Frankfurt, Garbus
488 Madison Ave., 9th Fl
New York, NY 10022

Lee Stremba, Esq.
Jenkens &Gilchrist Parker Chapin LLP
405 Lexington Avenue
New York, NY 10174

Dated: New York, New York
March 8, 2004

_____
SOLOMON JASKIEL